ROBERT S. WINTERMUTE v. EDWIN A. POST.

1. An acceptance of a bill of exchange or order to pay money may be waived by parol, and subsequent dealings between the parties, such as settlements of their matters and receipts given *in full*, are evidence to go to the jury upon the question of waiver.

2. When a bill of exchange or order for money is accepted, to be paid " when in funds," the import of that condition is, when the acceptor is in the possession of cash, which the drawer has a present right to demand and receive : it would not apply to the wages for the daily labor of the drawer due from the acceptor to him after the acceptance, such wages being necessary for the support of himself and family.

---

This was a judgment in the Sussex county Common Pleas, rendered in an appeal from the court for the trial of small

Wintermute v. Post.

causes, and it was removed into this court by the plaintiff in *certiorari,* who was also plaintiff in the courts below.

The case was argued before Justices ELMER and HAINES.

HAINES, J. This action was tried by a jury, before the Court of Common Pleas of the county of Sussex, in November, 1850.

By the state of the case, it appears that the plaintiff in *certiorari,* who was also the plaintiff below, declared against the defendant, as the acceptor of a bill of exchange drawn upon him in favor of the plaintiff, by one William Stackhouse, upon the face of which the defendant had written "accepted when in funds."

It further appears that Stackhouse was a day laborer, employed by the defendant at seventy-five cents and eighty-seven and a half cents per day, according to the work in which he was engaged, and that, at the date of the bill or order, he was largely indebted to the defendant; that after the acceptance he continued to work for him about half the time, but took up his wages, as he earned them, for the support of his family; and that the former debt was not paid, nor any funds left in the defendant's hands to pay the bill. There was also evidence that the defendant told the plaintiff that this and other orders of like tenor were not good, as he could not collect them from Stackhouse, and that the plaintiff replied, if that was so, he must look to Stackhouse for it.

A number of receipts, given by the plaintiff to the defendant after the date of the acceptance, acknowledging payment in full of all accounts up to the time of their several dates, were read in evidence against the objection of the plaintiff.

The court charged the jury—

1. That an acceptance of a bill to pay when in funds is a contract to pay out of the first funds of the drawer that shall come to the hands of the acceptor, excepting those funds that are produced by labor and are necessary to the support of the laborer and his family; and that the acceptor cannot first pay out of such funds a debt due to himself at the time of making such acceptance, unless it is mentioned in the acceptance.

2. That an attempt to collect money from the drawer of a bill is no evidence to discharge an acceptor, but if the circumstances of the case and the conduct of the plaintiff, in the opinion of the jury, induced the defendant to suppose that no further resort would be made to him, it was a waiver of the acceptance.

The jury rendered a verdict in favor of the defendant, and the admission of the receipts in evidence and the charge of the court are now assigned as reasons for reversing the judgment rendered upon that verdict.

The receipts were permitted to be read to the jury, not to prove the payment of the bill in question, but as evidence from which the jury might, in connection with other evidence, infer a waiver of the acceptance; and the fact that the defendant had several times settled his accounts with the plaintiff, and taken his receipts in full at each time, is certainly some evidence tending to show that the plaintiff did not hold the defendant liable on the bill; and in connection with the defendant's declaration to the plaintiff, that the order was not good, as he, the defendant, could not collect it of Stackhouse, and the plaintiff's reply, that, if that was so, he, the plaintiff, must look to Stackhouse, and with some other evidence in the cause, was competent to prove a waiver of the acceptance. In this I see no error.

That a parol waiver is lawful, and will discharge the acceptor, there can be no doubt. *Byles on Bills* 114; *Chitty on Bills* 339. And the court was correct in charging the jury, that if, in their opinion, the circumstances of the case and the conduct of the plaintiff induced the defendant to believe that no further resort would be had to him, it was a waiver. If the plaintiff induced the defendant fairly to suppose that he would look to the drawer, and not to him, he thereby relieved the defendant from any further care to secure funds in his hands to meet the draft, and relinquished to the defendant any liability that resulted from the acceptance. And whether he did so waive the liability of the defendant, was a question of fact properly submitted to the jury.

The remaining and principal point arises from the tenor of the acceptance, " when in funds."

This is a conditional acceptance, and the plaintiff was not bound to take it. If he were not satisfied with it, he might have protested the note for nonacceptance, and looked to the drawer for its payment. But having taken it without objection, he must submit to its terms, and before he can enforce it against the acceptor he must show funds of the drawer in his hands.

The force of the expression, " when in funds," seems to have received but little consideration from the court, and we are left almost entirely to first impressions respecting it.

The case of *Hunter* v. *Ingraham and Webb*, 1 *Strobhart* 271, *South Carolina Rep.*, referred to in the argument, was upon the acceptance of a bill of exchange, drawn by a cotton planter upon his factors, and accepted to be paid when in funds. The question was rather as to the right of appropriation of the avails of the cotton sold, than as to what precisely constitutes funds; and the court held that the acceptors were bound to pay the bill out of the first funds which came to their hands, and that they had no right to apply them first to the payment of a debt due from the drawer to themselves, as that in effect would add another condition to the acceptance.

In *Campbell* v. *Pettingill*, 7 *Greenleaf's Reports* (*Maine*) 126, the question came directly up, and the court determined that " when in funds" means when the acceptor has in his hands money of the drawer sufficient to pay the bill. That available securities were not funds until actually converted into money.

These are the only authorities upon the subject to which I have been able to refer.

The term, when in funds, literally means when the acceptor is in the possession of cash which the drawer has a present right to demand and receive or to appropriate by his bill, whether such funds be the product of labor or of commodities furnished, of goods sold or money deposited or collected, or any other source. And such, in my judgment, is its fair commercial and judicial construction. Any other would make the

meaning of the words to depend upon the peculiar circumstances of each particular case, and would produce doubt and uncertainty, and tend to impair the value and the convenience of negotiable paper and to the promotion of strife and litigation.

If it be said, that the rule will bear oppressively upon persons unacquainted with commercial transactions, it may be replied, that he who embarks in a branch of business which he does not understand must be expected to encounter difficulties and to sustain loss.

Many of the rules respecting promissory notes and bills of exchange are technical and arbitrary ; but it is much better to adhere to them, that the commercial world may know upon what to depend, although those rules may occasionally operate against the interests of some individuals, than, by departing from them, to interrupt the course of trade, give uncertainty to commercial transactions, and thereby occasion loss to, and even the ruin of the many who are necessarily engaged in them.

There is nothing in the charge of the court in conflict with this view of the case, or of which the plaintiff should complain.   It was fairly left to the jury to determine whether the defendant *was so in funds* to meet the draft, and their verdict concludes the plaintiff.

Nor is there error in the charge, that the acceptor must pay out of the first funds that comes to his hands, excepting such as are produced by labor, and are necessary to the support of the laborer and his family.

It is not to be supposed that the parties meant that the pittance of each day's work should be withheld from the necessities of the laborer's family till they should accumulate to the amount of the bill.   The law does not require it, and political economy and common humanity forbid it.

If, after such appropriation to the necessaries of life, a balance should be left in the hands of the acceptor, then his acceptance becomes absolute, and he is bound to pay, but not until then.

I can see no error in the proceedings of the Court of Common Pleas, and their judgment must be affirmed with costs.

ELMER, J., concurred.